UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:24-CR-20155-RUIZ

UNITED STATES OF AMERICA,

v.

OMAR PALACIOS,

   Defendant.
_____/

**JOINT NOTICE OF FAILURE TO COMPLY WITH
MULTIPLE COURT ORDERS AND MOTION TO EXCLUDE
UNTIMELY EXHIBITS THAT HAVE BEEN IN THE GOVERNMENT'S
CONTROL FOR ALMOST TWO YEARS**

On September 23, 2024, the Court held a status conference where the parties discussed pre-trial deadlines, including a deadline for the government to disclose its exhibit list. [D.E. 101]. On September 24, 2024, this Court entered an order directing the government to produce its exhibit list. [D.E. 103]. On January 6, 2025, at 10:00pm, the government served on the defense an exhibit list with 215 listed exhibits. The defense attempted to meet and confer regarding the government's failure to comply with this Court's Order.  These attempts were unsuccessful.  As such, on January 8, 2025, the defense was forced to file a Motion to Enforce this Court's Order with respect to the deadlines ordered. [D.E. 150]. On January 12, 2025, the Court gave the government an extra week to comply with the pre-trial deadlines and ordered the government to "provide all exhibits known to the

government at this time that it intends to use at trial by January 17, 2025." [D.E. 151].

On January 17, 2025, the government sent a letter to the defense stating it had produced "all exhibits known to the government", but that it was still reviewing discovery. The letter is attached hereto as Exhibit A. Again, the government simply ignored the Court's order.

On January 30, 2025, twenty-six (26) days after the Court's deadline, the government sent an email stating "We are in the process of reviewing text messages from Nikita Hermesman's phone and will add those that we intend to use to the 1000 series. We must excerpt them and finalize them, so they are not ready to produce yet. And we will add additional exhibits as we prepare for trial." The email is attached hereto as Exhibit B.

The government has had Hermesman's phone in their possession for at least 510 days – one year, four months, and twenty-two days. Moreover, the government has known about the Court's deadline to serve an exhibit list since September 23, 2024, for over four months. The time to review Hermesman's text messages was before the government presented this case to a grand jury and obtained an Indictment. At minimum, the government should have started the review of the text messages on or around September 23, 2024, when it was ordered to serve an exhibit list by January 6, 2025.

The government has an armada of agents and lawyers on this case. The government has no excuse for not reviewing the phone prior to the date the exhibit list was due on January 6th or even on January 17th, when the court gave them an extra week.

The Government's refusal to follow this Court's orders will only serve to delay and disrupt the deadlines set by the Court and the orderly movement of trial. For instance, all Parties have a motions deadline on Friday, January 31, 2025. Additional text message exhibits will surely result in issues that need to be raised in a motion in limine. Because the government is just getting around to identifying exhibits, and no date has been provided for when this will be accomplished, the defense will not be in a position to raise those arguments by the Court deadline.

The government should not be permitted to ignore Court orders it does not agree with to the detriment of the defense. A consequence is appropriate. Specifically, the government should not be permitted to add any exhibits to its list that were in its possession on January 6, 2025, such as Hermensman's phone.

We have no objection, of course, to the government adding to its exhibit list those documents that come from the filter team, which it did not have before the Court's orders. However, we are specifically requesting that the Court exclude from trial any text messages or other exhibits, which the government has had for almost two years, as they are untimely and in complete disregard of this Court's deadlines.

Counsel for Diego Sanchez joins this motion.

Counsel for Enrique Paris Pais joins this motion.

Counsel for Gregory Charles Milo Caskey joins this motion.

Date: January 30, 2025                    Respectfully submitted,

                                                             TACHE, BRONIS AND DESCALZO, P.A.
                                                             150 S.E. 2 Avenue, Suite 600
                                                             Miami, Florida 33131
                                                             Telephone:  (305) 537-9565
                                                             Facsimile:   (305) 537-9567

                                                             By: */s/ Marissel Descalzo*
                                                                   **Marissel Descalzo, Esq.**
                                                                   Florida Bar. No. 0669318
                                                                   mdescalzo@tachebronis.com
                                                                   service@tachebronis.com
                                                                   *Counsel for Omar Palacios*

## CERTIFICATE OF SERVICE

I CERTIFY THAT, on this 30th day of January, 2025, the foregoing was electronically transmitted utilizing the Court's CM/ECF platform

                                                             By: */s/ Marissel Descalzo*
                                                                   **Marissel Descalzo, Esq.**